UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DOUGHERTY and JESSICA DOUGHERTY,<br><br>Defendants. | Case No. 1:22-cr-00168-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE THIRD-PARTY PETITIONS** |

Pending before the Court are MidFirst Bank's Petition regarding Forfeiture of Real Property (Dkt. 112); Donna Douglass's Petition for Hearing on Claimant's Right and Interest in Property Subject to Forfeiture (Dkt. 113); the Government's Motion to Dismiss Third-Party Forfeiture Ancillary Proceeding Petition of MidFirst Bank (Dkt. 122); and MidFirst Bank's Motion for Judgment on the Pleadings as to the Forfeiture Ancillary Proceeding (Dkt. 125). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions and petition on the parties' briefing. *See* Fed. R. Crim. P. 32.2(b)(1)(B), (c)(1); Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the following reasons, the Court grants the Government's motion to dismiss MidFirst's petition, denies MidFirst's motion for judgment on the pleadings, and grants Douglass's petition.

## I. BACKGROUND

This forfeiture action arises from a criminal case against Defendants James and Jessica Dougherty. In September 2023, a second superseding indictment charged the Doughertys with one count of conspiracy to commit wire fraud, seven counts of wire fraud, one count of bank fraud, and four counts of failure to file tax return. (Dkt. 74 at pp. 2-9). Jessica was also charged with one count of obstruction of justice. (*Id.* at pp. 9-10). The second superseding indictment also included a criminal forfeiture allegation identifying as subject to forfeiture the real property located at 16100 North Broken Horn Road, Boise, Idaho, "together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, and all equity in the same" (hereafter "the Real Property" or "the Property"). (*Id.* at p. 10).

In December 2023, the Doughertys entered plea agreements. (Dkts. 87, 88). James pled guilty to one count of wire fraud, and Jessica pled guilty to one count obstruction of justice. (Dkt. 87 at p. 1; Dkt. 88 at p. 1). Relevant here, James admitted he and Jessica moved into a residence located on the Real Property; Donna Douglass owned the Property; and the Doughertys agreed to help Douglass care for the Property and her horses in exchange for free rent. (Dkt. 87 at § III(B)). In November 2015, however, Douglass was hospitalized and ostensibly signed a financial power-of-attorney in James's favor. (*Id.*). In December, Douglass ostensibly signed a trust naming James and Jessica as primary beneficiaries and naming James as the successor trustee. (*Id.* at pp. 4-5). The Real Property was thereafter transferred to the trust via a quitclaim deed. (*Id.* at p. 5). In March 2016, Douglass was declared incapacitated, and James was appointed as the successor trustee. (*Id.*).

During this timeframe, James utilized Douglass's banking and financial accounts for the Doughertys' personal benefit. (*Id.*) For example, James utilized Douglass's funds to pay his and Jessica's creditors and to qualify for a mortgage on the Real Property. (*Id.*). In July 2017, James and Jessica entered into a purchase and sale agreement for the Property with the trust, with James serving as trustee. (*Id.*). The purchase price was listed at $96,084.89, which represented the amount of existing debt on the Property. (*Id.*). The Property, however, was assessed at that time between $199,300.00 and $235,300.00. (*Id.*). James admits that the sale of the Property was a breach of fiduciary duty and that he breached that duty with the intent to defraud. (*Id.* at p. 6). On August 19, 2017, James signed a warranty deed in his capacity as the successor trustee, transferring the Property from the trust to himself and Jessica personally. (*Id.*).

This Court accepted the Doughertys' guilty pleas in January 2024. (Dkts. 102, 103). On April 9, 2024, the Government moved for a preliminary order of forfeiture as to the Real Property. (Dkt. 106). After finding the Government established the requisite nexus between the Property and the offense, this Court entered a preliminary order of forfeiture as to the Property. (Dkt. 107). On May 1, MidFirst and Donna Douglass both filed third-party petitions asserting an interest in the Property. (Dkts. 112, 113). MidFirst alleges it holds a deed of trust on the Property as a successor to the lender who financed the Doughertys' "purchase" of the Property. (Dkt. 112 at pp. 2-3). The Government moves to dismiss MidFirst's petition, and MidFirst moves for judgment on the pleadings, seeking dismissal of the Government's forfeiture action. (Dkts. 122, 125).

In her petition, Douglass alleges that she conveyed her interest in the Real Property to her trust in 2015 and that James, acting as trustee, later conveyed the Property to himself and Jessica. (Dkt. 113 at p. 1). Douglass further alleges the Ada County Magistrate Court set aside, as invalid

*ab initio*, the warranty deed executed by James in 2017 and restored the Property to the Donna Kay Douglass Living Trust. (Dkt. 113 at p. 2). In response to Douglass's petition, the Government requests the Court recognize that Douglass possesses a superior legal interest in the Property under § 853(n)(6)(A). (Dkt. 123 at pp. 3-5).

## II.  LEGAL STANDARD

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." *Honeycutt v. United States*, 581 U.S. 443, 447 (2017). The procedural framework for criminal forfeiture is set forth in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. *See* 21 U.S.C. § 982(b)(1). Following acceptance of a guilty plea, the court must determine what property is subject to forfeiture, and in the case of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). When the court finds property is subject to forfeiture, the court "must promptly enter a preliminary order of forfeiture" and must do so "without regard to the any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).

"A third party may not challenge the forfeiture order in the preliminary forfeiture proceedings or through a separate lawsuit." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 209 (2022). Rather, "[a] third party wishing to challenge a district court's criminal forfeiture order must do so in an ancillary proceeding under 21 U.S.C. § 853(n) and [Rule] 32.2(c)." *101 Houseco, LLC*, 22 F.4th at 847.

A third party instigates an ancillary proceeding by filing a petition with the court. 21 U.S.C. § 853(n)(2). The petition must set forth the nature and extent of the petitioner's right, title, or

**MEMORANDUM DECISION AND ORDER RE THIRD-PARTY PETITIONS - 4**

interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. 21 U.S.C. § 853(n)(3). Ultimately, a petitioner may prevail in asserting a third-party interest "only upon showing, by a preponderance of the evidence, that he possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that he was a bona fide purchaser for value." *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005); *see* 21 U.S.C. § 853(n)(6). If such a showing is made, "the court shall amend the order of forfeiture in accordance with its determination. 21 U.S.C. § 853(n)(6).

In the ancillary proceeding, the court may dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. Fed. R. Crim. P. 32.2(c)(1)(A). An evidentiary hearing is not necessary to resolve a motion to dismiss. *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004); *see United States v. Wilson*, 659 F.3d 947, 956 (9th Cir. 2011). Rather, at this stage, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). In resolving a motion to dismiss a petition for failure to state a claim, courts generally apply the standard for motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Lazarenko*, No. 00-CR-00284-CRB-1, 2022 WL 1405396, at *3 (N.D. Cal. May 4, 2022), *appeal dismissed sub nom. United States v. Lazarenko*, No. 22-16163, 2022 WL 18539677 (9th Cir. Dec. 7, 2022); *United States v. Lee*, No. 06-30611, 2007 WL 3001685, at *1 (9th Cir. Oct. 16, 2007).

To survive a motion to dismiss, a petitioner must make a prima facie showing that he possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place or that he was a bona fide purchaser for value. *See Pacheco*, 393 F.3d at 353; *Nava*,

404 F.3d at 1125. Under the Rule 12(b)(6) standard, the petitioner must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the petitioner must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Also, a district court may not consider any materials beyond the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III.  ANALYSIS

**A.     MidFirst's Petition**

The Government moves to dismiss MidFirst's petition, arguing that it lacks standing to file a third-party petition, and alternatively, that it has failed to state a valid claim for relief under § 853(n)(6). (Dkt. 122 at pp. 6-12). In response, MidFirst contends that it has standing because it holds a legal interest in the property and that its petition plausibly states it is "a bona fide lender under Idaho law." (Dkt. 124 at pp. 5-8).

MidFirst's petition fails for at least two reasons. First, MidFirst requests the Court enter an order confirming its deed of trust is valid and superior to any right, title, or interest held by the *United States* or any *third party*. (Dkt. 112 at p. 1). This Court, however, cannot provide such an order. Rather, any party claiming an interest in property subject to criminal forfeiture must comply with § 853(n). 21 U.S.C. § 853(k); *101 Houseco, LLC*, 22 F.4th at 847. Section 853(n) permits a third party to file a petition asserting its own interest in the property, not challenging any other

party's interest in the property. 21 U.S.C. § 853(n)(2); *see United States v. Andrews*, 530 F.3d 1232, 1236-37 (10th Cir. 2008). Specifically, § 853(6)(A) limits the Court's determination to whether the petitioner has a legal right, title, or interest in the property that "was vested in the petitioner rather than *the defendant* or was superior to any right, title, or interest of *the defendant* at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(6)(A) (emphasis added). The Court lacks authority to determine MidFirst's interest in the Real Property relative to others who may possess a valid interest in the Property.[1]

Second, MidFirst lacks standing to assert an interest in the Real Property. To assert a third-party claim in property subject to forfeiture, a petitioner must have statutory standing. *101 Houseco, LLC*, 22 F.4th at 848. Standing hinges on whether the petitioner has a right of action to obtain the relief sought. *Id.* Section 853(n)(2) requires the petitioner assert "a legal interest in the property." *See United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017). Separately, § 853(n)(6) provides a petitioner may challenge a preliminary order of forfeiture only on two bases—either the petitioner has a superior interest in the property at the time of wrongdoing or was a bona fide purchaser for value without cause to believe the property was subject to forfeiture. *101 Houseco, LLC*, 22 F.4th at 848; *see Van Dyck*, 866 F.3d at 1133; *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000). Regardless of any legal interest asserted, a petitioner cannot argue "the property was not forfeitable in the first place." *101 Houseco, LLC*, 22 F.4th at 849.

---

[1] MidFirst appears to concede this point in its motion for judgment on the pleadings, stating that "any dispute between Douglass and MidFirst is outside the scope of the Forfeiture proceeding and must be decided between Douglass and MidFirst in state court." (Dkt. 125 at p. 5).

The Government argues MidFirst lacks standing because it lacks legal interest in the Real Property. Whether a petitioner has a legal interest in the Property is determined by state law. *Hooper*, 229 F.3d at 820. MidFirst's petition asserts it holds a recorded deed of trust against the Property. (Dkt. 112 at p. 5). MidFirst alleges that the Doughertys "purchased" the Property in December 2015 and that their purchase was financed by a loan from LoanDepot.com. (Dkt. 112 at p. 2). The resulting deed of trust was recorded on August 29, 2017. (*Id.*). In July 2022, LoanDepot.com assigned the deed of trust to MidFirst. (*Id.* at p. 3). Under Idaho law, "a deed of trust is an interest in real property." *Ogden v. Griffith*, 236 P.3d 1249, 1253 (Idaho 2010); *see* I.C. §§ 45-1502(3), 45-1513.

In financing the Doughertys' "purchase" of the Real Property, however, LoanDepot.com relied on a warranty deed, which James executed as the trustee and which conveyed the Property to himself and Jessica, personally. (Dkt. 112 at p. 2; Dkt. 122 at pp. 6-7; Dkt. 113 at pp. 7-8). Under Idaho law, a trustee may not convey a trust property to himself personally; rather, only an authorized court can make such a transfer. *See* Idaho Code § 68-108 ("If the duty of the trustee and his individual interest or his interest as trustee of another trust, conflict in the exercise of a trust power, the power may be exercised only by court authorization"). Indeed, the Magistrate Court of the Fourth Judicial District of the State of Idaho in Ada County has already declared the warranty deed is "invalid, ab initio," and is set aside under Idaho law.[2] (Dkt. 113 at pp. 7-8).

---

[2] The Ada County Magistrate Court's order and decree declaring the warranty deed invalid and setting it aside is attached to Douglass's petition. (Dkt. 113 at pp. 7-9). This Court takes judicial notice of that order and decree. *See* Fed. R. Evid. 201(b)(2) (providing court may judicially notice fact not subject to reasonable dispute because it can accurately and readily be determined).

MidFirst does not dispute this underlying warranty deed has been declared invalid *ab initio* and set aside. Accordingly, MidFirst, as a successor to LoanDepot.com, cannot rely on an underlying, invalid warranty deed to assert a valid legal interest in the Property. *See Salladay v. Bowen*, 388 P.3d 577, 581 (Idaho 2017) (noting void deed ineffective to convey legal title).

Moreover, as the Government notes, MidFirst "fails to allege a valid ground for relief." (Dkt. 122 at p. 8). MidFirst's petition argues that MidFirst is a bona fide lender under Idaho law or, alternatively, that it is entitled to some equitable remedy under Idaho law. (Dkt. 112 at pp. 5-6). Both arguments are misplaced under § 853(n). Whether a petitioner's interest can be forfeited is determined by federal law, not state law. *Hooper*, 229 F.3d at 820; *United States v. Lester*, 85 F.3d 1409, 1414 n.9 (9th Cir. 1996). In criminal forfeitures, federal law only protects the legal interests of petitioners who possess a superior interest to the defendant or who were bona fide purchasers. *101 Houseco, LLC*, 22 F.4th at 849; *see* 21 U.S.C. § 853(k). Put differently, a petitioner may seek amendment of the preliminary order of forfeiture only on the bases identified in § 853(n)(6). *101 Houseco, LLC*, 22 F.4th at 849; *see* 21 U.S.C. § 853(k). As such, MidFirst's sole reliance on Idaho law to assert it is a bona fide lender or otherwise possesses an equitable interest is misplaced in these proceedings.

Even if MidFirst's allegations were construed under federal law, MidFirst still fails to allege a valid ground for relief. MidFirst's interest in the Real Property arose after the Doughertys' criminal activity commenced. (*See* Dkt. 112 at pp. 2-3). Consequently, MidFirst can only challenge criminal forfeiture as a bona fide purchaser for value that "at the time of the purchase [was] reasonably without cause to believe" the Property was subject to forfeiture. 21 U.S.C. § 853(n)(6); *see United States v. Gutierrez*, 734 F. App'x 441, 447 (9th Cir. 2018); *United States v. Huntington*

*Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012). Despite making passing reference to § 853(n)(6)(B), MidFirst's petition neither identifies § 853(n)(6)(B) as its basis for relief nor provides sufficient facts to plausibly allege MidFirst was a bona fide purchaser for value without cause to believe the Property was subject to forfeiture. Notably, MidFirst alleges no facts supporting that it was without notice of the Doughertys' criminal conduct with respect to the Property, despite that the warranty deed by which the Doughertys obtained the Property was, at best, questionable on its face. *See United States v. Swartz Fam. Tr.*, 67 F.4th 505, 518 (2d Cir. 2023). Additionally, insofar as MidFirst claims an equitable interest in the Property under Idaho law, courts have recognized an equitable interest does not amount to a protected legal interest under § 853(n)(2). *See, e.g., United States v. Knoll*, 785 F.3d 1151, 1156 (7th Cir. 2015); *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007).

For these reasons, the Court grants the Government's motion to dismiss. Although MidFirst requests leave to amend its petition, the Court declines to grant that request because it finds MidFirst lacks a valid legal interest in the Real Property. As a result, any amendment would be futile. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

**B.     MidFirst's Motion for Judgment on the Pleadings**

MidFirst moves for judgment on the pleadings against the Government. (Dkt. 125). Because the Court grants the Government's motion to dismiss MidFirst's petition and denies MidFirst's request for leave to amend its petition, the Court denies MidFirst's motion for judgment on the pleadings as moot. Moreover, MidFirst's motion is foreclosed by the applicable law. *101 Houseco, LLC*, 22 F.4th at 849.

In requesting judgment on the pleadings, MidFirst contends "the Government has no standing to seek forfeiture of the Property" and argues "the Government's Forfeiture action must be dismissed as a matter of law." (Dkt. 125 at pp. 5, 6). Where property is subject to forfeiture, however, the court must enter a preliminary order of forfeiture "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). The determination of any third party's interest is deferred until a petition for an ancillary proceeding is filed. *Id.* A third party's challenge to a preliminary order of forfeiture is limited to the two grounds set forth in § 853(n)(6). *101 Houseco, LLC*, 22 F.4th at 849. These limited grounds "do not include a claim that the property was not forfeitable in the first place." *Id.*; *accord United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (noting § 853(n) does not permit a third party to relitigate whether the property is subject to criminal forfeiture); *Andrews*, 530 F.3d at 1236-37 ("[T]hird party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order."). Based on these authorities, MidFirst cannot attempt to challenge whether the Real Property is subject to criminal forfeiture.

C. **Donna Douglass's Petition**

Douglass petitions this Court to recognize her superior interest in the Real Property. (Dkt. 113). Her petition alleges her interest in the Property was conveyed to the Donna Kay Douglass Living Trust on December 1, 2015. (Dkt. 113 at p. 1). Thereafter, on June 1, 2016, James, acting as the successor trustee, unlawfully conveyed the Property to himself and Jessica. (*Id.*). In his plea agreement, James admitted that this conveyance of the Property was a breach of his fiduciary duty and that he breached that duty with the intent to defraud. (Dkt. 87 at pp. 4-5). *See*

I.C. § 55-901 (providing instruments affecting real property are void against purchasers when made with intent to defraud prior or subsequent purchasers). Douglass further alleges the Ada County Magistrate Court has already set aside the deed conveying the Property to the Doughertys and restored the Property to the Donna Kay Douglass Trust. (Dkt. 113 at pp. 1, 7-8). A copy of that order is included with Douglass's petition. (Dkt. 113 at pp. 7-8). In response to Douglass's petition, the Government recognizes Douglass and her trust have a legitimate and recognizable interest in the Property. (Dkt. 123 at p. 1). The Government requests the Court recognize Douglass's superior interest in the Property. (Dkt. 123 at p. 5). Given the evidence and the Government's acknowledgement of Douglass's legal interest, the Court finds Douglass has established by a preponderance of the evidence that she holds a superior legal interest in the Property. 21 U.S.C. § 853(6)(A). Accordingly, the Court will amend the preliminary order of forfeiture (Dkt. 107) to recognize Douglass's legal interest in the Property.

## IV.  ORDER

**IT IS ORDERED that:**

1. The Government's Motion to Dismiss Third-Party Forfeiture Ancillary Proceeding Petition of MidFirst Bank Filed at ECF No. 112 (Dkt. 122) is **GRANTED**.

2. MidFirst Bank's Motion for Judgment on the Pleadings as to the Forfeiture Ancillary Proceeding (Dkt. 125) is **DENIED as MOOT**.

3. Donna Douglass's Petition for Hearing on Claimant's Right and Interest in Property Subject to Forfeiture (21 U.S.C. § 853(n)) is **GRANTED**. Douglass has established, by a preponderance of the evidence, that she holds a superior legal interest in the property. 21 U.S.C. § 853(n)(6)(A). Accordingly, the Court will **AMEND** the order of forfeiture to recognize

Douglass's superior interest. *Id.* The parties shall submit a proposed amended forfeiture order to the Court within fourteen (14) days of this Order's issuance.

DATED: August 26, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge